# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CESAR CUBA GARCIA,**

        **Plaintiff,**

**vs.**                                       **NO. 07-CV-643 RB/WDS**

**VISTULA CURRY, et al.,**

        **Defendant**s.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

      This is a lawsuit pursuant to 42 U.S.C. §1983 brought by Cesar Cuba Garcia.  Garcia is proceeding *pro se*.  Defendants, other than Drs. Joseph and Brown, answered the complaint and responded to the Court's order for a Martinez report.  The Defendants have filed motions to dismiss or, in the alternative, for summary judgment.  The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the motions should be granted for the reasons set forth below, and the complaint should be dismissed without prejudice as to the moving Defendants.  The Court makes the following findings and recommended disposition.

## CLAIM

      Plaintiff has presented a litany of claims against the moving Defendants.  Interpreting

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Plaintiff's complaint liberally, these claims appear to arise from sexual harassment by a female correctional officer. This harassment allegedly occurred in several face to face encounters, and also through a technology which Plaintiff identifies as "brain fingerprinting." According to Plaintiff, this technology allowed the correctional officer to read his thoughts and verbally harass him in his cell even if she was not present at the time. Plaintiff has recently notified the Court that similar technology might be responsible for the growing number of suicides among Iraqi war veterans. Plaintiff also has several claims styled "access to the court" claims, in which Plaintiff alleges that staff at the prison interfered with his efforts to seek legal redress for the brain fingerprinting by, among other things, disconnecting his family members' phones so that he could not contact them. Plaintiff also alleges that the warden at Santa Rosa was indifferent to his requests for legal action.

Plaintiff also alleges that he was transferred from Santa Rosa to Los Lunas Mental Health Facility, where he received treatment from Dr. Joseph and Dr. Brown. Plaintiff claims he was ill-treated by both doctors. Neither doctor has been served, and the case against them has been severed for purposes of discovery. The aspect of the case that is the subject of this motion is Plaintiff's claims against the staff at Santa Rosa.

## PROCEDURAL BACKGROUND

Two motions are pending before the Court. The first is filed under Fed. R. Civ. Proc. 12 on behalf of Defendant Walter J. Cooper, the warden at Santa Rosa Prison. The second motion is filed in the alternative under Fed. R. Civ. Proc. 12 and 56 on behalf of Defendants Curry, Jodie Brown, Moya, Pacheco, Arias, Chumbley, and Gonsales (collectively, "NMCD Defendants"). Plaintiff filed a response brief in opposition to both motions. (Document #62) On April 25, 2008 the NMCD Defendants filed a Martinez Report in this case (Document #25). In addition, the NMCD Defendants' current motion includes affidavits and additional documentation which the Court has

considered in evaluating this matter.  Accordingly, the Court will address both motions as motions for summary judgment under Fed. R. Civ. Proc. 56.  See *Price v. Philpot,* 420 F.3d 1158, 1167 (10th Cir.2005)( if a district court relies on material outside the pleadings, a motion to dismiss converts into one for summary judgment); *Alexander v. Okla.,* 382 F.3d 1206, 1214 (10th Cir.2004) (holding 12(b)(6) order not converted to summary-judgment order unless district court relied on outside materials in rendering decision).

## STANDARD OF REVIEW

As a general rule, summary judgment should be granted where the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Bewley v. City of Duncan*, 1998 WL 314382 *3-4 (10th Cir. 1998) (citing Fed.R.Civ.P. 56(c)). A genuine issue of material fact exists if the parties have presented sufficient evidence from which a trier of fact could resolve the issue either way. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the non-movant fails to provide sufficient evidence on an essential element of his prima facie case, however, all issues concerning all other elements of the claim become immaterial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, although evidence is viewed and inferences drawn "… in a light most favorable to the party opposing summary judgment ... that party must identify sufficient evidence which would require submission of the case to a jury." *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1402 (10th Cir.1997).

Additionally, in the context of *pro se* lawsuits, "[d]ismissal is appropriate where … it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir.1999). "[E]vidence, including testimony, must be based on more than mere speculation or conjecture…

Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir.2006).

## ANALYSIS

42 U.S.C. § 1997e(a) mandates that "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted."  Under this section, exhaustion of administrative remedies is a prerequisite to suits brought by prisoners under 42 U.S.C. § 1983, and the Supreme Court has held that the exhaustion requirement of section 1997e applies both to suits seeking administrative remedies and monetary damages that are not administratively available. *Booth v. Churner*, 532 U.S. 731, 741, 149 L. Ed. 2d 958, 121 S. Ct. 1819 (2001).  Accordingly, the aforementioned exhaustion requirements apply to the Plaintiff in this case.

As set forth in their motion, the NMCD Defendants have provided discovery to the Court regarding Plaintiff's utilization of the grievance process provided to prisoners by the New Mexico Corrections Department.  Plaintiff exhausted the grievance process only once, relating to an issue unrelated to his instant complaint.  (Grievance File #07-396, Defendant's Exhibit 2A, Document#58-2)  Plaintiff filed several other grievances, but in each of those instances the grievance procedure was not exhausted.  Plaintiff's failure to exhaust his administrative remedies bars his §1983 claims against the moving defendants.  The Court is aware that Defendant Cooper did not move for dismissal specifically on this ground, but in view of the fact that exhaustion of administrative remedies is a prerequisite to pursuing a §1983 claim, and Plaintiff failed to exhaust, the Court recommends that Plaintiff's complaint against Defendant Cooper be dismissed without prejudice on this same ground.

On July 29, 2009 copies of the Complaint and Amended Complaint with notice and waiver

4

of service forms were mailed to Dr. Joseph and Dr. Brown c/o the Registered Agent for Wexford

Health Services, their employer while they worked at the mental health facility in Los Lunas.  An

answer has not yet been filed on behalf of the doctors, accordingly this Report and Recommendation

does not apply to those two Defendants.

## RECOMMENDED DISPOSITION

The Court recommends that Cesar Garcia Cuba's lawsuit pursuant to 42 U.S.C. §1983 be

DISMISSED without prejudice as to Defendants Cooper, Curry, Jodie Brown, Moya, Pacheco,

Arias, Chumbley, and Gonsales for failure to exhaust administrative remedies.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**