IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CESAR CUBA GARCIA,**

      **Plaintiff,**

vs.                                                        **NO. 07-CV-643 RB/WDS**

**VISTULA CURRY, et al.,**

      **Defendant**s.

**MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION**[1]

THIS MATTER comes before me on pro se Plaintiff Cesar Cuba Garcia's *Motion for Summary Judgment*, filed December 16, 2009 (Doc. 81), against the two named, but unserved, Defendants remaining in this case: Dr. Joseph and Dr. Brown, and on the Court's duty to dismiss "at any time," under 28 U.S.C. § 1915(e)(2), a complaint that fails to state a claim. Garcia, who is incarcerated and who proceeds pro se and *in forma pauperis* ("IFP"), brings his suit against these doctors pursuant to 42 U.S.C. §1983. He requests judgment against them because they have not answered his Amended Complaint. *See* Doc. 81. But because Drs. Joseph and Brown are no longer employed by the company that formerly contracted to provide psychiatric medical care for the New Mexico prisons, and the company no longer has a contract with the State for these services, the company refused to accept service of process on their behalf and Garcia does not have their personal addresses. *See* Doc. 75. The doctor Defendants, therefore, still have never been served with the

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1)(C), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

summons and Amended Complaint. Having carefully reviewed Garcia's Amended Complaint and the applicable law, the Court recommends that Garcia's motion for summary judgment be denied; that his claims against these two physicians be dismissed for failure to state a claim for which relief may be granted under § 1915(e)(2)(B)(ii); and that a final judgment be entered in favor of the Defendants.

In reviewing a complaint under § 1915(e)(2), the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In applying that standard, the Court accepts as true Garcia's allegations and construes them, and any reasonable inferences to be drawn from them, in the light most favorable to Garcia. *See id.* at 1217. But consistent with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), however, the Court must carefully scrutinize Garcia's complaint to determine if an actionable claim is asserted. In *Twombly*, the Supreme Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Iqbal*, 129 S. Ct. at 1949. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In *Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility

> that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Garcia's factual allegations regarding the doctors are extremely sparse.  In his Amended Complaint, Garcia contends that, while Garcia was incarcerated at the Santa Fe prison facility, he made a 911 call to try to get legal help, for which he was disciplined.  *See* Doc. 10 at 9.  He speculates that Dr. Brown "lied to [him] to get [him] to go to M.H.T.C. at Los Lunas to cover others [sic] unlawful actions." *Id.* at 2, 8.  MHTC is a mental-health facility for prisoners at the Los Lunas prison.  Garcia states that Dr. Brown falsely told him that it would be easier for him to get legal help at the MHTC.  *See id.* at 9.  Garcia contends that Dr. Brown is liable to him for "deliberately indifferent [sic] and acess [sic] to court."  *Id.*

Dr. Joseph was in charge of the psychiatric department at the Los Lunas prison.  *See id.* at 8.  Garcia contends that Dr. Joseph made Garcia "a victim of a combined acts of ormissions [sic]" by trying to make Garcia take medications and injections when he knew that Garcia had refused them, and by allegedly lying on Garcia's medical reports.  *Id.* at 9.  Garcia concludes that Dr. Joseph is liable to him for violating his "right to refuse treatment, acess [sic] to the court, and deliberate indifferent [sic]."  *Id.*  Garcia speculates that, because he was asking for legal help, he was "sent to mental help" in violation of his right to access to the courts.  *Id.* at 11.

Garcia attached to his Amended Complaint his psychiatric medical records noting that Dr. Brown recommended Garcia's transfer to Los Lunas in September 1995 after Garcia displayed

"prominent perceptual disturbances, including persecutory and bizarre delusions . . . and auditory hallucinations." *Id.* at 27.  According to the medical records that Garcia attached, Garcia reported to medical providers that Lt. Vistula Curry, another Defendant in this case who was a correctional officer at the Santa Rosa prison where Garcia formerly had been housed, was tormenting him by projecting her voice through "external transmitting devices" and connecting him to "satellite computer technology that allows her to track him, read his thoughts, project his thoughts, and transmit distressing messages and somatic experiences." *Id.*  Garcia attached to his Amended Complaint a disciplinary appeal he filed in June 2007 in which he complained to prison authorities about Curry unfairly conducting an unrelated disciplinary hearing because Garcia was trying to "press charges against her for sexual harassment" and because Curry allegedly "illegally use [sic] [him] as a testing of technology." *Id.* at 43.  In the Amended Complaint, Garcia continues to assert that Curry "did some [kind] of technology" against him in retaliation for him bringing litigation against her for sexual harassment. *Id.* at 2.  He contends that Curry tried to "subject[] [him] into a physical and verbal action against [his] will with a homosexual inmate," and that she also used him "to test some new technology calls [sic] brain fingerprint." *Id.* at 9.  The Court has dismissed Garcia's claims against Curry without prejudice for failure to exhaust his prison administrative remedies. *See* Doc. 78.  Garcia also attached medical records noting that Garcia refused to submit to an injection of psychotropic medication, thus establishing that the prison and its medical employees honored Garcia's decision to refuse treatment. *See* Doc. 10 at 19-20.

Even if Dr. Brown lied about Garcia being able to get better legal assistance in Los Lunas, those facts do not state a claim for violation of Garcia's constitutional rights, or for deliberate indifference, *see Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (holding that an inmate alleging deliberate indifference must show that the harm he suffered was "sufficiently serious" to be

4

cognizable under the Eighth Amendment, and that "a prison official cannot be found liable [for deliberate indifference] under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ."); or for interfering with access to the Courts, *see Lewis v. Casey*, 518 U.S. 343, 351, 356 (1996) (noting that a cognizable access-to-courts claim involves only an inmate's "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts" and that an inmate must allege facts to show that the defendant's action "hindered his efforts to pursue a legal claim").

As to Garcia's claims against Dr. Joseph, it also does not violate an inmate's constitutional rights or constitute deliberate indifference for a doctor to prescribe and offer psychiatric medications that an inmate does not want to take. Based on the medical records that Garcia attaches and the delusional claims he makes in his Amended Complaint about Defendant Curry using computer technology to subject Garcia to "brain fingerprints," it seems clear as a matter of law that Dr. Brown properly referred Garcia to the Los Lunas psychiatric facility and that Dr. Joseph properly attempted to treat him, thus additional amendment of his Amended Complaint would be futile.

None of Garcia's allegations state a cognizable federal claim under § 1983 against Dr. Joseph or Dr. Brown, and Garcia's claims against them must be dismissed. *See Iqbal*, 129 S. Ct. at 1949; *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory). And because allowing Garcia to amend his Complaint against the medical doctors would be futile, the Court recommends that his claims against the doctors be dismissed with prejudice.

## RECOMMENDED DISPOSITION

The Court recommends that Cesar Garcia Cuba's motion for summary judgment [Doc. 81]

be denied; that his claims against Dr. Joseph and Dr. Brown brought pursuant to §1983 be DISMISSED with prejudice under § 1915 (e)(2)(B)(ii); and that a final judgment in favor of all Defendants be entered.

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**